**IN THE COURT OF APPEALS OF IOWA**

No. 14-1351
Filed December 24, 2014

**IN THE INTEREST OF E.G. AND E.G.,**
**Minor Children,**

**J.B., Father,**
**Appellant,**

**C.E., Father,**
**Appellant.**
_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

Two fathers separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Sarah E. Stork Meyer of Clemens, Walters, Conlon & Meyer, L.L.P., Dubuque, for appellant J.B.

Christopher M. Soppe, Dubuque, for appellant C.E.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Ralph Potter, County Attorney, and Joshua A. Vander Ploeg, Assistant County Attorney, for appellee State.

Sharon Hallstoos, Dubuque, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Two fathers separately appeal the termination of their parental rights to each of their children. Both abused substances and both were incarcerated during significant portions of the proceedings. One father asserts the juvenile court (1) should have afforded him additional time to work towards reunification and (2) should have invoked an exception to termination based on placement of the child with a relative. The other father (1) contends the juvenile court should have granted him additional time for reunification, (2) takes issue with a ground for termination, and (3) asserts termination is not in the child's best interests.

## I.    *Father of Evan*

Evan was born in early 2014 with drugs in his system. He was immediately removed from his mother's care. At the time of his birth, Evan's father was in jail. He suspected the child was his, but paternity was not confirmed until five weeks after the birth.

When Evan was four months old, his father was transferred from jail to a residential correctional facility. The father participated in a total of seven visits with Evan prior to the termination hearing.

Before and during the termination hearing, Evan's father asked for additional time to reunify with the child. *See* Iowa Code § 232.104(2)(b) (2013) (authorizing six-month extension of time). The juvenile court denied the request, reasoning as follows:

> Based upon [the father's] history, the Court does not believe an extension of time will resolve the adjudicatory harms identified by the Department. [The father] has had his parental rights terminated to three prior children. The most recent termination is currently on appeal. During the open case with that child, [the

father] did not cooperate with any services or have interactions even when available to do so.

On our de novo review, we agree with this decision.

The father started using controlled substances in high school and was thirty-seven years old at the time of the termination hearing. While he testified to a lengthy period of sobriety, with heavy usage only beginning in this decade, his renewed commitment to sobriety had yet to be tested in an unconfined setting.

The father remained in a residential corrections facility at the time of the termination hearing and did not anticipate being discharged for at least five weeks. During the five months he spent in jail, he stated he had no contact with his child. After his transition to the residential treatment facility, he had one supervised visit per week for two hours. According to the visitation supervisor, his interactions with Evan were appropriate but he had not developed a bond with him. When asked about his parenting abilities, she responded by citing the "very structured environment" in which visits took place and she expressed uncertainty about "how he would do without that structure." The father confirmed Evan could not immediately be returned to his care. We conclude the juvenile court appropriately denied this father's request for an extension of time to work towards reunification.

We turn to the father's contention that the juvenile court should have invoked an "exception" to termination based on placement of the child with a relative. Iowa Code § 232.116(3)(a); *In re P.L.*, 778 N.W.2d 33, 37–38 (Iowa 2010). Evan was placed with a maternal aunt and uncle with whom the father had no contact. Assuming this was a relative placement, the father cited no

basis for invoking the exception. *See In re A.A.G.*, 708 N.W.2d 85, 93 (Iowa Ct. App. 2005) (citing parents' substantial contact with children through relative placements). We conclude the juvenile court acted appropriately in declining to apply the exception.

## II.     *Father of Ella*

Ella was born in 2011. The Department of Human Services sought and obtained a removal order after discovering her mother was actively using methamphetamine. At the time, Ella's father was incarcerated.

Approximately five months following Ella's removal, the father was released and began visits with the child. Like Evan's father, he sought additional time to reunify with Ella. The juvenile court denied his request, reasoning "the stakes are simply too high" to wager the father would maintain his sobriety and current level of commitment to services.

On our de novo review, we agree with the juvenile court. Ella's father had a history of using illegal drugs dating back to his teenage years. He was thirty-three at the time of the termination hearing. He admitted he would "be sober and then go back to using." Despite this history, he did not avail himself of sobriety support systems in the community.

The father also showed little interest in serving as primary caretaker of the child. Before his incarceration, he saw Ella regularly but rarely if ever cared for her on his own and did not seek to have her placed in his custody. During his eleven-and-a-half month prison stay, he did not see the child. On his release, he visited Ella no more than three times a week for no more than two hours at a time, on a semi-supervised basis. Although his bond with Ella grew during these

visits, the child viewed her foster parents as her caretakers. On this record, we conclude the district court appropriately denied the father's request for additional time to reunify.

We turn to the father's present challenge to the ground for termination cited by the juvenile court. *See* Iowa Code § 232.116(1)(h) (requiring proof of several elements including proof child cannot be returned to the parent's custody). At the termination hearing, the father conceded he was not requesting immediate placement of the child with him. Accordingly, this ground was satisfied.

We are left with the father's contention that termination was not in Ella's best interests. *See* Iowa Code § 232.116(2). The father lacked a track record of independently attending to her physical and emotional needs. Accordingly, we conclude termination was in Ella's best interests.

**AFFIRMED ON BOTH APPEALS.**